IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHEN DIVISION

**UNITED STATES OF AMERICA**

2:05CV736-T

v.                              **CRIMINAL NO:93-310-N**

**ARLUTHA SMILEY,**

## MOTION FOR RECONSIDERATION

The petitioner Arlutha Smiley, comes under the guise of pro'se representation, requesting that the above captioned motion be GRANTED for the following reasons listed below:

1) The petitioner timely filed a 28 U.S.C. §2255 motion to VACATE, SET ASIDE, and CORRECT SENTENCE.

2) The Magistrate Judge recommended that petitioner be DENIED relief under 28 U.S.C. §2255 motion.

3) Therefore the District Court DENIED petitioner relief requested under 28 U.S.C. §2255 motion.

4) The petitioner raised <u>Apprendi v, New Jersey</u>, 530 U.S. 466 (2000), claims in which the District Court misapplied the Teague v. Lane, 489 U.S. 288, 311 (1989).

5) When a decision of this Court results in a "New Rule," that rule applies to all criminal cases still pending on direct review. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987). As to convictions that are already final, however, the rule applies to limited circumstances. New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting it's terms, see <u>Bousley v. United States</u>, 523 U.S. 614, 620-621 (1998),

as well as constitutional determinations that place a particular conduct or persons covered by the statute beyond the State's power to punish, see <u>Saffle v. Parks</u>, 494 U.S. 484, 494-495 (1990); <u>Teague v. Lane</u>, 489 U.S. 288, 311 (1989)(plurality opinion). Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal" or faces a punishment that a law cannot impose upon him. <u>Bousley,</u> supra, at 620 (<u>quoting Davis v. United States</u>, 417 U.S. 333, 346 (1974)).

6) The petitioner contends that his instant case is one where the "new rule" in <u>Apprendi</u>, and the "bright-line" rule in <u>Blakely v. Washington</u>, No:02-1632) decided June June 24th, 2004;

> **Held; Because the facts supporting petitioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated his <u>Sixth Amendment</u> right to trial by jury.**

applies on collateral review under 28 U.S.C. § 2255 motion to vacate, set aside, and correct sentence in his limited circumstances.

7) Petitioner further contends that his plea is constitutionally invalid, for the petitioner was misinformed by District Court, Counsel, and the Government.

8) The petitioner in this present case was misinformed, neither the indictment, defense counsel, nor trial court explained that the government had to prove "specific drug quantity," to the jury beyond a reasonable doubt. The petitioner did not admit "under oath," to any specific drug stipulation during plea colloquy. Nor did the petitioner concede at sentencing that the government could prove the specific drug quantity beyond a reasonable doubt.

(2)

9) The petitioner was further misinformed by defense counsel, district court, and the government by misinforming petitioner that his statutory minimum was 10 years and that his statutory maximum was LIFE imprisonment without parole, when the indictment in this case did not list any amount of controlled substance in violation under 841(B)(1)(A) and/or 846.

10) The petitioner contends that he received critically incorrect legal advice. The fact that all of the petitioners advisers acted in good-faith with reliance on existing precedent does not mitigate the impact of the erronous advice. For the consequences to the petitioner was just as unfair, and just as severe, as if the court and counsel had knowingly conspired to deceive petitioner in order to induce him to plead guilty to that he did not commit.

11) The Supreme Court has made it perfectly clear that a guilty plea based on misinformation is constitutionally invalid. Smith v. O'Grady, 312 U.S. 329, (1941); Henderson v. Morgan, 426 U.S. 637, (1976).

12) Under Rule 11(c)(1) of Fed. R. Crim. P. 11 is designed "to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." McCarthy v. United States, 384 U.S. 459, 465 (1969), superceded on other grounds by Fed. R. Crim. P. 11(h). Rule 11(c)(1) requires the district court to address the defendant personally in open court and advise the defendant of the nature of the charge to which the plea is offered. Real notice of the true nature of the charge against a defendant is the first and most recognized requirement of due process.

(3)

See Bousley v. United States, 523 U.S. 614, 618 (1998)(quoting Smith v. O'Grady, 312 U.S. 329, 334, (1941).

13) The required Rule 11 serves two functions. First, a defendant's admission of criminal culpability is not meaningful unless the defendant understands the crime to which he is confessing. Notice of the nature of the charge is required to obtain a knowing and intelligent guilty plea. See Henderson v. Morgan,.

14) Second, informing the defendant of the nature of the charge against him "ensures that the defendant thoughly understands that if he pleads "not guilty" the Government will be required to prove certain facts," thus permitting the defendant to make an intelligent judgement as to whether he should be better off accepting the tendered concessions or chancing acquittal if the prosecution cannot prove those facts beyond a reasonable doubt. Since a guilty plea is a formal admission of all elements, essential and/or critical to the charge, the petitioner must contend in all fairness, that he be formally advised of such elements, essential and/or critical and that his statutory minimum was not 10 years before the plea was accepted.

15) Therefore the petitioner claims that the Rule 11 Colloquy did not comply with Rule 11 (c) for the district court did not advise the petitioner of each essential and/or critical element of the offence, nor did the district court advise the petitioner that the government would have to prove specific drug quantity as it would prove any essential element to the jury beyond a reasonable doubt. The district court also did not advise the petitioner that his statutory minimum was zero and that his statutory maximum was life.

16) the petitioner contends that Bousley, supra, and Henderson v.

(4)

Morgan, supra, would support his claim that his plea in not constitutionally valid, and that his sentence is exceptional as defined under Blakely v. Washington, for the facts (specific drug quantity) supporting petitioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated his Sixth Amendment rights to trial by jury.

17) In Bousley v. United States, 523 U.S. 614, 620-621 (1998), in an opinion given by Rehnquist, Cheif Judge., joined by O'Conner, Kennedy, Souter, Ginsburg, and Breyer, JJ, it was held that the accused will be entitled to a hearing on the merits of his misinformation claim, if on remand, the accused makes the necessary showing of actual innoce to relieve his procedural default in failing to contest his §924(c)(1) guilty plea in his prior direct appeal, as (1) if the record disclosed that at the time of the plea, neither the accused, nor his his counsel, nor the district court correctly understood the essential elements of the crime with which he was charged, then the plea was invalid under the Federal Constitution; (2) The accused was not precluded from relying on Bailey v. United States in support of his claim; and (3) even though accused had failed to establish cause to relieve his procedural default, it was appropriate to remand the case to permit him to attempt to make a showing of actual innocence to relieve the default.

18) The petitioner contends that at the time of his plea that the record will show that neither the petitioner, nor his counsel, nor the district court correctley understood the essential elements of the crime with which petitioner was charged.

19) The petitioner contends that the constitutional error is clear and that the government will concede that such events have

(5)

occurred. Therefore the petitioner will contend that this clear constitutional error has resulted on the imposition of an unauthorized sentence, and that petitioner is a "victim of a misscarriage of justice," Wainwright v. Sykes, 433 U.S. 72, 91 (1977), and is entitled to immediate and unconditional release, and that the cause and prejudice requirement "must yeild to the imperative of correcting a fundamentally unjust incarceration." Engle v. Issac, 456 U.S. 107, 135 (1982).

Therefore the petitioner request that the above captioned motion be GRANTED, and that an ORDER be issued stating that petitioner guilty plea is Constitutionally Invalid, and that petitioner's "exceptional sentence" is in violation of his Sixth Amendment Rights, as defined and clarified by the "bright-line rule" announced in Blakely v. Washington, and that the "new rule" announced in Apprendi v. New Jersey, does apply retroactively under the Teague v. Lane, bar, and also under the Bousley, analysis qualifying petitioner under the "limited circumstances" requirement for such rules to apply. Making the petitioner entitled to immediate and unconditional releif and/or release under 28 U.S.C. §2255 motion to VACATE, CORRECT, and/or SET ASIDE FEDERAL SENTENCE.

RESPECTFULLY SUBMITTED

*Arlutha Smiley*
ARLUTHA SMILEY #03505-017
UNITED STATES PENITENTIARY
P.O. BOX 26030
BEAUMONT, TEXAS 77720-6030