IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv736-MHT |
| | ) | WO |
| ARLUTHA W. SMILEY | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion for Reconsideration*" filed by federal inmate Arlutha W. Smiley ("Smiley") on October 1, 2004 (Doc. # 2).[1] Smiley seeks to challenge the conviction and sentence of imprisonment imposed upon him by this court in 1994 for *conspiracy to distribute and possess with intent to distribute cocaine and cocaine base*. As now discussed, it is clear that he is entitled to no relief.

**I. DISCUSSION**

As grounds to set aside his conviction and sentence, Smiley argues (1) that the district failed to comply with Fed.R.Crim.P. 11 when accepting his guilty plea, and (2) that his sentence violates the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). *See Motion* (Doc. # 2) at 2-6. These claims attack the fundamental legality of Smiley's conviction and sentence.

The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See*

---

[1] The court originally docketed Smiley's motion as Doc. # 1575 in Criminal Case No. 2:93cr310. Pursuant to an Order entered on August 3, 2005, the Clerk docketed it as a civil action under 28 U.S.C. § 2255, civil action no. 2:05cv736.

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Smiley seeks relief which is appropriate only under 28 U.S.C. § 2255. Thus, this court construes his present pleading as a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255. This is the second § 2255 motion filed by Smiley attacking his conviction and sentence. On July 17, 2002, the court denied Smiley's initial § 2255 motion,

2

filed on October 19, 2000, because the claims presented therein did not entitle him to relief. *See United States v. Smiley*, Criminal Case No. 2:93cr310 - Doc. # 1508 - *17 Jul. 2002 Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of 18 Sep. 2002, Criminal Case No. 2:93cr310 - Doc. # 1522).

A second or successive § 2255 motion in the district court requires the movant first to move in the appropriate court of appeals for an order authorizing the district court's consideration of the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Smiley has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Smiley's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of*

---

[2] Smiley grounds some of his claims on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), but the holdings in those cases are not retroactive to cases on collateral review. *See In re Dean*, 375 F.3d 1287 (11th Cir. 2004).

3

*Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Smiley on October 1, 2004, be denied and this case dismissed, as Smiley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 10, 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 22nd day of February, 2006.

                                                **/s/ Delores R. Boyd**
                                                DELORES R. BOYD
                                                UNITED STATES MAGISTRATE JUDGE